Judgment, Supreme Court, New York County (Robert E. Torres, J.), entered March 7, 2012, granting the CPLR article 78 petition to the extent of annulling respondent Department of Education’s (DOE) determination, dated May 4, 2011, which denied petitioner’s request for certification as a school bus driver, ordering that the DOE approve petitioner’s application to be a certified DOE school bus driver, and remanding the remaining issues to the DOE, reversed, on the law, without costs, the petition denied and the proceeding dismissed.
In 2006, petitioner applied for certification as a school bus driver. In connection with his application, he disclosed two drug-related felony convictions in 1990, and three misdemeanors, the most recent in 1993. Petitioner acknowledges that he had a heroin addiction that began at age 15 and continued until 1994, when he stopped using drugs and entered a treatment program that he successfully completed in 1995. He avers that he has been drug free since then. With one exception, due to his employer at the time closing its business, petitioner has been steadily employed over the years, primarily as a private bus driver transporting school aged children.
In 2006, petitioner applied for certification as a New York City school bus driver, which would allow him to drive DOE buses. That application was denied. He and three other petitioners who, like petitioner, had prior criminal convictions, brought an article 78 petition against the DOE (Matter of Hasberry v New York City Dept. of Educ., 78 AD3d 609 [1st Dept 2010]), which resulted in petitioner being allowed to submit additional documentation in support of his application and his being interviewed by the director of the Office of Personnel Investigation (OPI) as well as other panel members. Following the interview, DOE issued a letter dated May 17, 2011 denying petitioner’s application for certification. Petitioner brought this proceeding on the basis that DOE’s determination was, among other things, arbitrary and capricious.
It is well settled law that a court may not substitute its judgment for that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion or is contrary to law (see Matter of Arrocha v *455 Board of Educ. of City of N.Y., 93 NY2d 361, 363 [1999]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
Where the applicant seeks employment with the New York City Department of Education, the school chancellor’s regulations apply and regulation C-105 establishes procedures to be followed by OPI for background investigations of pedagogical and administrative applicants. Regulation C-105 incorporates by reference article 23-A of the Correction Law. Correction Law § 752 (et seq.) prohibits unfair discrimination against a person previously convicted of a crime “unless: (1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual; or (2) the issuance or continuation of the license or the granting or continuation of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals.” Correction Law § 753 (1) (a)-(h), which set forth eight factors a public agency must consider in connection with an application for a license, include the person’s duties and responsibilities, the bearing, if any, the criminal offense(s) will have on the person’s “fitness or ability” to perform his or her duties, the time that has elapsed since the occurrence of the crime(s), the seriousness of the crime, information about the applicant’s reputation, etc., and the legitimate interest of the agency in protecting the safety and welfare of specific individuals or the general public. Regulation C-105 provides further that in reviewing the record of an applicant who has a prior criminal conviction, DOE is particularly concerned with offenses, among others, that involve the possession, distribution or selling of controlled substances. The chancellor’s regulation, like the Correction Law, provides that where the applicant has a certificate of relief from disabilities, that certificate “shall” also be considered (Correction Law § 753 [2]). The certificate, however, only creates a “presumption of rehabilitation” with respect to the crime the individual was convicted of, it does not create a prima facie entitlement to the license the person is applying for (Matter of Bonacorsa v Van Lindt, 71 NY2d 605, 614 [1988]).
Petitioner’s application included a fingerprint referral form in which he responded “yes” to the question of whether he had been convicted of an offense, a copy of his commercial driver’s license, character and employment references, a certificate of relief from disabilities issued in 2002 and certificates showing he had successfully completed the drug treatment and other *456 programs. Although the form requires an explanation to any “yes” response, petitioner did not provide one at first, but explained the response in a sworn affidavit he later provided.
The DOE’s May 4, 2011 determination that petitioner’s prior drug-related convictions as an adult bore on his fitness and/or ability to perform his school bus duties was rationally based, and it shows DOE gave due consideration to the relevant factors under Correction Law § 753 before denying his application. Although petitioner avers he has been drug free since 1994, and his crimes were directly related to his drug addiction at the time, the offenses were not youthful indiscretions (he was 41 years old), but were of a serious nature since each involved narcotics.
While DOE may not have stated with specificity its detailed analysis with respect to the factors it considered in its denial letter to petitioner, and he claims this shows DOE failed to consider his certificate of rehabilitation, the record created before the DOE amply demonstrates that all the relevant factors were considered by respondent in making its determination denying him certification as a school bus driver (see Matter of Acosta v New York City Dept. of Educ., 16 NY3d 309, 318 [2011]). The position for which petitioner seeks certification would place him in direct daily contact with school aged children and require him to closely monitor and supervise them (compare Matter of Acosta v New York City Dept. of Educ., 16 NY3d 309 [2011], with Matter of Arrocha v Board of Educ. of City of N.Y., 93 NY2d 361 [1999]).
In granting the petition and reversing the agency’s determination, the court below improperly reweighed the factors set forth in the Correction Law and substituted its own judgment (see Acosta, 16 NY3d at 318, citing Arrocha, 93 NY3d at 367]). The nature of the criminal conduct for which petitioner was convicted has a direct bearing on his fitness or ability to perform one or more of the duties or responsibilities. Concur — Mazzarelli, J.P., Sweeny and Gische, JJ.